UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARION LEON BEA,

                      Plaintiff,                         **MEMORANDUM & ORDER**

      - against -                              19-CV-6912 (PKC) (RML)

INTERFAITH MEDICAL CENTER,

                      Defendant.
---------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On December 4, 2019, Plaintiff Marion Leon Bea ("Plaintiff") commenced the instant *pro se* action pursuant to 42 U.S.C. § 1983 against Defendant Interfaith Medical Center.[1] (*See generally* Complaint ("Compl."), Dkt. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses the Complaint, but grants Plaintiff 30 days to submit an Amended Complaint.

## BACKGROUND

Plaintiff's Complaint alleges as follows.[2] On or about October 26, 2019,[3] Plaintiff was taken to Interfaith Medical Center ("Interfaith") by Emergency Medical Services/New York City Police Department "to calm plaintiff" after an episode of "aggressive behavior in the street." (Dkt.

---

[1] Plaintiff's Complaint initially names the Defendant "Interface Medical Center," which the Court has corrected to "Interfaith Medical Center." The Court directs the Clerk of Court to make this correction on the docket.

[2] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Durant v. N.Y.C. Housing Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

[3] Plaintiff alleges that he was taken to Interfaith on October 26, 2019. (Compl., at 4.) The documents attached to the Complaint indicate that Plaintiff was admitted to Interfaith on October 27, 2019. (*See* Dkt. 1, at ECF 8, 10.)

1, at ECF[4] 4, 8.) Although Plaintiff was "not under arrest," he was handcuffed. (*Id.* at ECF 8.) Plaintiff was hospitalized involuntarily for three weeks, until on or about November 26, 2019,[5] during which time he was given psychotropic medications. (*Id.* at ECF 10.) An administrative hearing for medication over objection was scheduled for November 25, 2019, but it is unclear from the Complaint whether the hearing was held and whether Plaintiff was medicated over his objection. (*Id.* at ECF 12.) Plaintiff now seeks damages in the amount of ten million dollars. (*Id.* at ECF 5.)

## STANDARD OF REVIEW

A pleading must provide "a short, plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To avoid dismissal, such a statement must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"[A] *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." *McCrary v. County of Nassau*, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing

---

[4] "ECF" refers to the pagination generated by the Court's CM/ECF docketing system and not to the document's internal pagination, if any.

[5] The discharge dates vary within the Complaint. Plaintiff asserts that he was discharged on November 19, 2019, while an Interfaith Report indicates November 25, 2019, but the patient discharge form indicates November 26, 2019. (*Id.* at 4, 8, 10.)

*Faretta v. California*, 422 U.S. 806, 834 n.36 (1975)). At the same time, courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474–76 (2d Cir. 2006) (quotations omitted). If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," a court must grant the plaintiff leave to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). A district court shall also dismiss an *in forma pauperis* action if the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

In this case, Plaintiff asserts a § 1983 claim against Interfaith, a private entity. To state a claim under § 1983, a plaintiff must allege that the defendant violated the plaintiff's federal rights while acting under color of state law. 42 U.S.C. § 1983; *see also Washington v. County of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004). Three tests assess whether a private entity acts under color of state law for purposes of § 1983: "(1) [T]he State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citation omitted). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 838 (1982)).

Plaintiff's claims against Interfaith must fail, as "[a] private hospital is generally not considered a state (for section 1983 actions) or federal (for *Bivens* actions) actor." *Anthony v. Med.*

3

*Staff at Inst.*, No. 16-CV-1122 (LDH) (LB), 2016 WL 1383491, at *2 (E.D.N.Y. Apr. 7, 2016) (quoting *White v. St. Joseph's Hosp.*, 369 F. App'x 225, 226 (2d Cir. 2010)); *see also Kia P. v. McIntyre*, 235 F.3d 749, 757 n.3 (2d Cir. 2000) ("Our decision in this case turns in large part on our conclusion that the [private] [h]ospital was not a state actor when it provided medical care to [plaintiff]."). Moreover, private hospitals do not engage in state action when they involuntarily commit a patient under Section 9.39 of the New York Mental Hygiene Law[6]—the New York state law under which Plaintiff was likely involuntarily hospitalized. *See McGugan v. Aldana-Bernier*, 752 F.3d 224, 229–31 (2d Cir. 2014) (dismissing § 1983 claim against private health care provider for forcible medication and hospitalization under New York Mental Hygiene Law § 9.39).

However, courts in this circuit have found state action where there exists a close relationship or connection between state actors and the medical employees who treated a plaintiff. *See, e.g.*, *Bryant v. Steele*, 93 F. Supp. 3d 80, 93 (E.D.N.Y. 2015) (allowing plaintiff's § 1983 claim to proceed where he alleged a "sufficiently close nexus" between his physicians and state actors); *Doe v. Harrison*, No. 03-CV-3943 (DAB), 2006 WL 3109433, at *7 n.4 (S.D.N.Y. July 28, 2006) (noting that state action by medical employees could be found if the State was involved in their medical decisions to involuntarily confine plaintiff). Here, Plaintiff makes no allegations to suggest that the Interfaith employees responsible for his medication and hospitalization were

---

[6] Section 9.39(a) of the New York Mental Hygiene Law states that

> The director of any hospital maintaining adequate staff and facilities for the observation, examination, care, and treatment of persons alleged to be mentally ill and approved by the commissioner to receive and retain patients pursuant to this section may receive and retain therein as a patient for a period of fifteen days any person alleged to have a mental illness for which immediate observation, care, and treatment in a hospital is appropriate and which is likely to result in serious harm to himself or others.

N.Y. Mental Hygiene Law § 9.39(a).

employees of the State or that they acted at the direction of State officials, agencies, or employees. Accordingly, his § 1983 claim must be dismissed.

## CONCLUSION

Plaintiff's Complaint is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B). If Plaintiff chooses to file an Amended Complaint, he must do so within 30 days of this Order. Plaintiff is advised that the Amended Complaint will replace his Complaint in its entirety. The Amended Complaint must be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order: 19-CV-6912 (PKC) (RML). To aid Plaintiff with this task, the Clerk of Court is respectfully requested to provide a "Complaint for Violation of Civil Rights" form to Plaintiff. All further proceedings shall be stayed for 30 days for Plaintiff to comply with this Order. If Plaintiff fails to comply with this Order in the time allowed, a judgment shall be entered closing this case.

Furthermore, the Court denies Plaintiff's request for the court to request *pro bono* counsel without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 18, 2019
      Brooklyn, New York